**O**

**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| JOHN ZUBIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> FERNANDO PATRICIO VERGARA; and DOES 1–100, inclusive, <br><br> Defendants. <br> FERNANDO PATRICIO VERGARA, <br><br> Cross-Complainant, <br><br> v. <br><br> AMERICAN FREIGHT BROKERAGE, INC.; UNITED STATES POSTAL SERVICE; and ROES 1–100, inclusive, <br><br> Cross-Defendants. | Case No. 2:15-CV-01006-ODW-AJW <br><br> **ORDER REMANDING ACTION** |

## I.   INTRODUCTION

This case is a personal injury action that was originally filed in state court, and subsequently removed to federal court after Cross-Defendant United States Postal Service ("USPS") was brought into the action. *See* 28 U.S.C. § 1442(a)(1). On December 10, 2015, Cross-Complainant Fernando Patricio Vergara dismissed USPS

from the action with prejudice. Without USPS as a party to the action, the Court lacks original jurisdiction over the action, and declines to exercise supplemental jurisdiction over the remaining claims. The Court therefore orders this case **REMANDED** to state court.

## II.     FACTUAL BACKGROUND

Plaintiff John Zubia, Jr.'s claims arise from an automotive accident on Interstate 5 that occurred in November 2013. (Not. of Removal ¶ 1.) On February 3, 2014, Plaintiff filed this action in state court seeking (1) compensatory damages; (2) actual damages; (3) pre- and post-judgment interest; and (4) costs. (Not. of Removal, Ex. 1, ECF No. 1-1.) Plaintiff alleges that Defendant Fernando Patricio Vergara, the driver of a commercial load, caused the accident. (Not. of Removal ¶ 1.) Vergara filed a Cross-Complaint against American Freight Brokerage, Inc. and the United States Postal Service ("USPS"), alleging that the negligence of the cross-defendants contributed to the accident. (*Id.* ¶ 2.) The citizenship of the parties is as follows: Plaintiff is a citizen of California (Not. of Removal, Ex. 1, ¶ 3), Vergara is a citizen of California (*id.* ¶ 1), and American Freight Brokerage is a Colorado corporation licensed to do business in California. (Not. of Removal, Ex. 2, ¶ 1.)

On February 11, 2015, USPS removed the case to this Court pursuant to 28 U.S.C. § 1442(a). (*Id.*) On December 10, 2015, the parties stipulated to dismiss USPS with prejudice. (ECF No. 19.) On December 22, 2015, the Court ordered the parties to show cause as to why it should not remand the action to state court based on lack of subject matter jurisdiction. (ECF No. 21.) Vergara filed a response agreeing that the Court should remand the case. (ECF No. 22.) No other party filed a timely response.

## III.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  In addition, a federal officer or agency defending a lawsuit may remove a case from state court to federal court pursuant to 28 U.S.C. § 1442(a).

## IV.  DISCUSSION

The dismissal of USPS leaves the Court without original jurisdiction over this action:  there are no federal claims asserted in the lawsuit, there is a lack of complete diversity of citizenship between the parties,[1] and USPS was the only federal defendant in the action.

Once the federal defendant is dismissed from the action and there is no other basis for original jurisdiction, the Court can either remand the remaining state-law claims or exercise supplemental jurisdiction over those claims.  *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132–33 (D.C. Cir. 1985); *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986); 28 U.S.C. § 1367(c).  However, federal courts

---

[1]  Complete diversity is destroyed when at least one defendant and at least one plaintiff are citizens of the same state.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2003).  Because both Plaintiff and Vergara are citizens of California, complete diversity is destroyed.

should hesitate to exercise supplemental jurisdiction in such circumstances unless compelling justifications are present. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, with USPS out of the picture, any claims arising from this accident are simply ones based on local tort law. Moreover, other justifications for exercising supplemental jurisdiction—such as judicial economy, convenience, and fairness to the litigants—do not apply here. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The remaining claims are not so closely tied to questions of federal policy such that a federal forum would be more efficient, nor is remanding the case unfair or inconvenient to the parties given that trial is still seven months away. Indeed, Vergara affirmatively requested remand, and no other party has objected to remanding the case. Thus, the Court finds it appropriate to remand the action to state court. *See District of Columbia*, 762 F.2d at 133 (noting that where claims involve purely local law and the federal party is dismissed, courts "regularly remand cases removed under section 1442(a)(1)").

## V. CONCLUSION

For the reasons discussed above, the Court hereby **ORDERS** this case remanded to Los Angeles County Superior Court, Case No. BC535461. The Court of the Clerk shall remand the action and close the case.

**IT IS SO ORDERED.**

February 1, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**